**Donatien LAKE, Petitioner–Appellant,**

v.

**Leonard PORTUONDO, Superintendent of Shawangunk Correctional Facility, Respondent–Appellee.**

**Docket No. 00–2150.**

United States Court of Appeals, Second Circuit.

July 25, 2001.

Paul J. Angioletti, Staten Island, NY, for appellant.

Marcus J. Mastracco, Assistant Solicitor General, Albany, NY; Eliot Spitzer, Attorney General of the State of New York and Nancy A. Spiegel, Assistant Solicitor General, on the brief, for appellee.

Present JACOBS, LEVAL, Circuit Judges, and MURTHA, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Donatien Lake appeals from the judgment of the United States District Court for the Northern District of New York (Kahn, J.) denying his motion for habeas corpus pursuant to 28 U.S.C. § 2254. Lake challenges his state conviction for second degree murder on the ground that his counsel was constitutionally ineffective.

Lake and his co-defendant Michael Counts attacked a man in the street. Counts stabbed the victim to death. Lake was charged as an accessory and was convicted by a jury of second degree murder on the basis of "depraved indifference."

Lake cites his counsel's a) rejection of the court's offer to instruct the jury on lesser included offenses, and b) failure to seek severance. Lake also brings to this Court's attention the inexperience of his trial counsel, who had only recently been admitted to the bar and had never tried a case.

 "In order to prevail on an ineffective assistance of counsel claim, a defendant must first show that his counsel's performance was deficient and must then show that the deficiency caused actual prejudice to his defense." *Clark v. Stinson*, 214 F.3d 315, 321 (2d Cir.2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,*

---

\* The Honorable J. Garvan Murtha, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

466 U.S. at 689. Moreover, "error[s] by counsel, even if professionally unreasonable, [do] not warrant setting aside the judgment of a criminal proceeding" unless the defendant can also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 691, 694. We review a district court's denial of habeas relief *de novo. See Smalls v. Batista,* 191 F.3d 272, 277 (2d Cir.1999).

a) A decision to forgo a charge on lesser included offenses is strategic in nature. *See, e.g., Vasquez v. United States,* 96 Civ. 2104, 1997 WL 148812 at *2 (S.D.N.Y. March 28, 1997). Strategic choices made after reasonable investigation "will seldom if ever be found wanting," *Strickland,* 466 U.S. at 681, because we are reluctant to "second-guess matters of trial strategy simply because the chosen strategy has failed," *United States v. Helgesen,* 669 F.2d 69, 72 (2d Cir.1982).

■ The trial court offered a charge on lesser included offenses, expressly confirmed that defense counsel had fully discussed the matter with Lake, and· then questioned Lake directly:

*Court:* You have no question about the decision you're making in conjunction with his legal advice?

*Lake:* No.

*Court:* In essence you are rolling the dice. That's really the words out of your attorney's mouth. I mean, it's either murder or nothing, right, and that's what you're seeking to do?

*Lake:* Yes.

After a review of the record, we conclude that this decision, though ultimately unsuccessful, was not so foolhardy as to raise a question of constitutional ineffectiveness under *Strickland.* Nor can we find sufficient evidence to indicate that, as Lake contends on appeal, defense counsel labored under a misunderstanding of the principles governing a decision to accept or decline a lesser included offenses charge. Disquieting though it is that local court procedures evidently allow the assignment of a novice lawyer to defend a murder case as his first experience, that suggestive circumstance is not a ground for habeas relief. *See United States v. Cronic,* 466 U.S. 648, 665, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

■ b) We likewise find that the decision to forgo a severance motion did not render Lake's counsel constitutionally ineffective. This strategic choice appears to have been animated by the idea that Lake might appear a relative innocent next to Counts, the knife-wielder. (Indeed, Lake's counsel attacked Counts so aggressively that *Counts's* lawyer repeatedly moved to sever.) *See Amaker v. Lacy,* 941 F.Supp. 1340, 1349–50 (E.D.N.Y.1996) (finding no ineffectiveness where decision to forgo a severance motion "served a legitimate trial strategy by retaining defendant's trial with that of the co-defendants who appeared to be the more culpable actors").

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.